646 So.2d 1197 (1994)
STATE of Louisiana
v.
Kevin JENKINS.
No. 94-KA-72.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 1994.
*1198 George A. Guidry, New Orleans, for appellant/defendant Kevin Jenkins.
John M. Mamoulides, Dist. Atty., Michael J. Reynolds, Dorothy A. Pendergast, Asst. Dist. Attys., Michele R. Morel, Research and Appeals, Gretna, for appellee State.
Before GAUDIN and CANNELLA, JJ., and JOHN C. BOUTALL, J. Pro Tem.
CANNELLA, Judge.
Defendant, Kevin Jenkins, pled guilty to forcible rape, a violation of La.R.S. 14:42.1.[1] He was sentenced to twenty-five years at hard labor, with credit for time served. Defendant orally moved the court for reconsideration of his sentence. A few weeks later, the trial court resentenced defendant to twenty-five years at hard labor, five years to be served without benefit of parole, probation or suspension of sentence with credit for time served.[2] Because of a potential appealable issue, we remand for appointment of new appeal counsel.
On appeal, defendant's counsel asserted no errors, but only requested a review of the record for errors patent. The state contends that the brief filed by defendant's retained counsel is inadequate and that defense counsel has not followed the proper procedure to be used when there is no basis for assigning error on appeal. The state further contends that defendant should be advised of his right to file a pro se brief in this circumstance. The state also claims there are no patent errors on the face of the record.
Under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990), counsel's failure to assign error or to assign only a request for error patent review has the effect of depriving the indigent defendant of effective assistance of counsel. However, the United States Supreme Court in Anders, also set forth the procedure to follow when, after a diligent and conscientious review of the record, counsel fails to find any non-frivolous appealable issues. In Anders, the court stated:
"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished *1199 the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or precede to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, [386 U.S. at 744], 87 S.Ct. at 1400.
The federal Fifth Circuit applied Anders to the case where defense counsel files a brief solely asking for an error patent review. The court determined that, by so doing, counsel effectively withdrew without complying with the requirements of Anders. Lofton v. Whitley, 905 F.2d at 887 (5th Cir.1990).
In an effort to comply with Anders, the Louisiana Fourth Circuit established an internal rule governing the processing of cases in which only error patent is assigned. In State v. Benjamin, 573 So.2d 528, 530-531 (La.App. 4th Cir.1990), the court stated:
"Counsel is required to review the district court record thoroughly and present to this court any claim with arguable merit. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client's position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues "arguably support the appeal", including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this court is not sufficient to perform this review."
State v. Benjamin, supra at 530-531. The procedure set forth in Benjamin, supra, has been cited with approval by the Louisiana Supreme Court. See State v. Royals, 620 So.2d 826 (La.1993); State v. Smith, 620 So.2d 826 (La.1993); State ex rel. Hawkins v. Criminal District Court, Parish of Orleans, Section J, 629 So.2d 421 (La.1993); State v. Watkins, 617 So.2d 921 (La.1993).
In this case, counsel filed a brief asking only for a review for patent error. Under Anders and Lofton, this is inadequate. As a result, we issued an order to counsel for defendant to make a conscientious and thorough review of the record to determine whether there are any non-frivolous appealable *1200 issues. We further stated that if counsel found none, he was ordered to file a motion to withdraw, with a statement that he has made a conscientious and thorough review and found no non-frivolous appealable issues, and further, that he informed defendant of this fact and that defendant was entitled to file a pro se brief. In addition, we sent a notice to defendant apprising him of his right to file a brief.
Counsel complied with the order, stating that he found no appealable issues. This court then reviewed the record to determine whether there were non-frivolous appealable issues. After our review, we found that the record disclosed a potential appealable issue, excessive sentence. However, we do not at this time determine the merits of the issue. Furthermore, because defendant is entitled to effective counsel on appeal, we remand the case to the trial judge for the appointment of new counsel to represent defendant in his appeal.
Accordingly, we hereby remand the case to the trial court for appointment of new appeal counsel.
REMANDED.
GAUDIN, Judge, dissenting.
I respectfully dissent.
Kevin Jenkins was originally charged with aggravated rape. After plea bargaining, he pled guilty to forcible rape and was sentenced to 25 years at hard labor, with five years to be served without benefit of parole, probation or suspension of sentence. I do not consider this sentence excessive; also, I do not believe excessiveness of sentence is a potentially appealable issue. Further, it appears from the record that Jenkins had effective assistance of counsel, both at the trial and appellate levels. I would affirm this conviction and sentence.
NOTES
[1] He was originally charged with aggravated rape, La.R.S. 14:42.
[2] The reason for resentencing is unclear from the record. It was either a result of defendant's motion to reconsider sentence or that it came to the trial court's attention that at least two years of the sentence must be served without benefit of parole, probation or suspension of sentence.