675 So.2d 1187 (1996)
STATE of Louisiana,
v.
Royal BIRDEN.
No. 95-KA-1007.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
*1188 Bruce G. Whittaker, Indigent Defender Board, Gretna, for Appellant Royal Birden.
John M. Mamoulides, District Attorney, Ryan Cox, Assistant District Attorney, Gretna, for Appellee State of Louisiana.
Before BOWES and CANNELLA, JJ., and CHARLES V. CUSIMANO, II, J. Pro Tem.
CANNELLA, Judge.
Defendant, Royal Birden, appeals from his convictions on two counts[1] of distribution of cocaine and his sentences of ten and thirty years imprisonment at hard labor, to run concurrently. The two convictions and sentences are affirmed and the case is remanded.
A jury trial was held on April 25 and 26, 1995. The jury found defendant guilty as charged on Counts One and Two. After the sentencing hearing on May 3, 1995, the trial judge sentenced defendant to ten years at hard labor on each count, to "run consecutive to each other." At the time of sentencing, defense counsel made an oral motion for appeal, which was granted, and also stated that he had filed a written motion for appeal. There is no such motion in the appellate or district court record. However, the record does include a pro-se "Motion for Appeal, Designation of Record, and Assignment of Errors" filed by defendant on the date he was sentenced. On May 3, 1995 the state filed a bill of information charging defendant as a third habitual felony offender. Defendant pled not guilty. After a hearing on October 25, 1995, the trial court adjudicated defendant a third felony offender, vacated his sentence on Count One and then sentenced him to thirty years at hard labor, to run concurrent with the sentence on Count Two.
On April 4 and 5, 1994, Jefferson Parish Sheriff's Office narcotics officers conducted undercover narcotics transactions and surveillance in the Avondale area. On April 4, Detective Eddie Logan drove an unmarked car containing a hidden special transmitter device and a video camera to the 400 block of St. George Street. There, he motioned to several black men standing on the sidewalk. As one approached the passenger window, Detective Logan told him to come to the driver's side and indicated that he wanted to buy crack cocaine. The man offered Detective Logan one rock-like object, for which he paid $20. When Detective Logan asked for another "rock", the man stated that he did not have one, but would obtain one while he drove around the block. Detective Logan complied. When he returned, the same black male gave him another rock object in exchange for cash. After these purchases, Detective Logan met with other officers and turned over the evidence of the transactions, including the rock-like substances and the video tape of the transactions.
The next morning, on April 5, Detective Logan was shown a photographic lineup of suspects. He identified defendant's photograph as the person who sold him the substances the day before. Later that day, Detective Logan conducted another video taped drug transaction in the same area. The same man that Detective Logan identified earlier, who had sold him the substances the day before, came up to his vehicle. The man gave Detective Logan rock objects in exchange for $40. Afterwards, Detective Logan turned over this evidence and the video tape of the transaction to other officers. Subsequent laboratory analysis positively identified all of the substances as cocaine.
At trial, Detective Logan positively identified defendant as the person who sold him the cocaine on both days. Other officers involved in the surveillance testified about the transactions, including what was heard over the transmitter. Additionally, the jury was shown the video tapes of the both days' drug sales. In defendant's defense, three witnesses testified, including defendant's mother, brother-in-law and friend. After viewing the video tapes, each witness stated that the man selling the substances was not defendant. Rather, they claimed that the *1189 man was Robert Lestrick, a man who looked like defendant.

ANDERS BRIEF:
Defendant's counsel filed an "Anders brief" in this court, asserting that he thoroughly examined the record for the purpose of uncovering any non-frivolous issues which arguably support the appeal, but found none. In compliance with State v. Benjamin, 573 So.2d 528, 530-531 (La.App. 4th Cir.1990), cited with approval in State ex rel. Hawkins v. Criminal District Court, Parish of Orleans, Section J, 629 So.2d 421 (La.1993), counsel stated that he filed and attached to the brief a copy of a motion to withdraw and letter to defendant explaining the course of action and advising him that he has a right to file a pro se supplemental brief. In an abundance of caution, counsel requests a review of the record for patent error.
In State v. Jenkins, 94-72 (La.App. 5th Cir. 11/29/94), 646 So.2d 1197, we stated:
Under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), counsel's failure to assign error or to assign only a request for error patent review has the effect of depriving the indigent defendant of effective assistance of counsel. However, the United States Supreme Court in Anders, also set forth the procedure to follow when, after a diligent and conscientious review of the record, counsel fails to find any non-frivolous appealable issues. In Anders, the court stated:
"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or precede to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
The United States Fifth Circuit, Court of Appeals applied Anders to the case where defense counsel files a brief solely asking for an error patent review. The court determined that, by so doing, counsel effectively withdrew without complying with the requirements of Anders. Lofton v. Whitley, 905 F.2d at 887 (5th Cir.1990).
In an effort to comply with Anders, the Louisiana Fourth Circuit Court of Appeal established an internal rule governing the processing of cases in which only error patent is assigned. In State v. Benjamin, 573 So.2d 528, 530-531 (La.App. 4th Cir. 1990), the court stated:
"Counsel is required to review the district court record thoroughly and present to this court any claim with arguable merit. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client's position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence *1190 and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues "arguably support the appeal", including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this court is not sufficient to perform this review."
State v. Benjamin, supra at 530-531. The procedure set forth in Benjamin, supra, has been cited with approval by the Louisiana Supreme Court. See State v. Royals, 620 So.2d 826 (La.1993); State v. Smith, 620 So.2d 826 (La.1993); State ex rel. Hawkins v. Criminal District Court, Parish of Orleans, Section J, 629 So.2d 421 (La.1993); State v. Watkins, 617 So.2d 921 (La.1993).
In this case, appeal counsel has complied with the requirements of Anders, but did not send the letter to defendant by certified mail. Pursuant to the procedure set out in Benjamin, this court sent defendant a separate letter by certified mail informing him of his right to file a pro se brief. Defendant has not responded to the letter. Thus, pursuant to Anders, Benjamin and Jenkins, we reviewed the record for issues that "arguably support the appeal", finding none. Defense counsel's motion to withdraw is hereby granted.

ERROR PATENT:
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La. 1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The record reflects that the trial court failed to inform defendant of the prescriptive period for post-conviction relief, as mandated by La.C.Cr.P. art. 930.8C, at the time of sentencing as an habitual offender. However, failure to inform defendant of the provisions of La.C.Cr.P. art. 930.8C is not grounds for reversal or remand for resentencing. Instead, we will instruct the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten *1191 days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. We remand for this purpose. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Accordingly, defendant's two convictions and sentences are hereby affirmed. The Motion to Withdraw from representation of defendant filed by appeal counsel is granted. Further, the trial judge is ordered to inform the defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. The case is remanded for that purpose.
CONVICTIONS AFFIRMED;
SENTENCES AFFIRMED;
REMANDED WITH ORDER.
NOTES
[1] He was charged with four counts, but only tried on two.