694 So.2d 1052 (1997)
STATE of Louisiana
v.
Kenneth ROWAN.
No. 97-KA-21.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
*1053 Gary W. Bizal, Pierce & Bizal, New Orleans, for Appellant Kenneth Rowan.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Vincent Paciera, Jr., Assistant District Attorney, Research & Appeals, Gretna, for State.
DUFRESNE, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Kenneth Rowan (Rowan), appeals his conviction of two counts of distribution of cocaine. We affirm and remand.
*1054 Defendant was charged by bill of information filed on August 24, 1995 with two counts of distribution of cocaine in violation of La. R.S. 40:967(A). He proceeded to a bench trial on March 4, 1996, following which, he was found guilty on both counts. After denying defendant's motion for post verdict judgment of acquittal on May 6, 1996, the trial judge sentenced defendant to five years at hard labor on each count, to be served concurrently. The court then suspended the sentences and placed the defendant on active probation for a term of three years subject to various conditions.
In response to information received from a confidential informant on January 20, 1995, Sergeant Joe Williams (Sergeant Williams) instructed Agent Michael Jackson (Agent Jackson) to proceed to 1408 Ames Boulevard in Marrero, Louisiana in order to purchase crack cocaine from a subject named Kenneth Rowan. After providing Agent Jackson with "enough pre-recorded currency" and equipping him with a "Unitel transmitter," Sergeant Williams and three or four other officers proceeded to the 1400 block area of Ames Boulevard in separate units in order to conduct "surveillance ... to cover the purchase." However, because of his "notoriety... in the area," Sergeant Williams parked out of view of the transaction.
Subsequently, Agent Jackson and a confidential informant arrived at the address and knocked on the door. A male subject opened the door. When Agent Jackson asked to speak to Rowan, the subject closed the door. Within minutes the door was opened by another male whom the confidential informant then introduced to Agent Jackson as Kenneth Rowan. Agent Jackson stepped inside of the residence while the confidential informant remained standing outside. After Rowan closed the door, Agent Jackson informed him that he wanted five rocks of crack cocaine. Rowan then proceeded to the rear of the residence. After he returned with the rocks of crack cocaine, Rowan sold them to Agent Jackson.
On February 1, 1995, Sergeant Williams again instructed Agent Jackson to proceed to 1408 Ames Boulevard in order to purchase crack cocaine from Rowan, based on information from a confidential informant. Like the previous occasion, Sergeant Williams provided Agent Jackson with currency and a transmitter, and after proceeding to the address, Sergeant Williams positioned his unit where it was not visible from the residence. However, this time Agent Jackson was working without the assistance of the confidential informant. Upon arriving at the address at approximately 1:10 P.M., Agent Jackson knocked on the door. Rowan answered the door and Agent Jackson asked him for five rocks of crack cocaine. Rowan then walked to the rear of his residence where he obtained the five rocks of crack cocaine which he sold to Agent Jackson.
Following each purchase, Agent Jackson and the officers conducting surveillance proceeded to a pre-arranged location where Agent Jackson submitted the evidence and details of each transaction.
On appeal, Rowan first contends that the evidence was insufficient to establish beyond a reasonable doubt that Rowan was guilty of a violation of La. R.S. 40:967. Second, he asserts that the trial judge committed reversible error when he refused to grant his request for Brady material.
In his first assignment of error, Rowan contends that the evidence was insufficient. Specifically, he argues that the State failed to negate the reasonable probability of misidentification.
The standard to be used by the appellate court in evaluating the sufficiency of the evidence is, whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La. 1988). Encompassed in proving the elements of the offense is the necessity of proving the identity of the defendant as the perpetrator. When the key issue in the case is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Bovie, 95-474 (La.App. 5 Cir. 11/28/95), 665 *1055 So.2d 558, 560 State v. Thomas, 604 So.2d 52, 57 (La.App. 5 Cir.1992).
Rowan bases his argument on several factors: (1) the conflicting times of the January 20th drug transaction; (2) the issuance of an arrest warrant for a Kenneth Rowan before he was identified in photo lineup; (3) occurrence of Agent Jackson's identification during the photo lineup before the second drug transaction on February 1, 1995; (4) Agent Jackson's misidentification of drug suspects in two previous cases, one which was dismissed and the other resulting in acquittal; and (5) uncontradicted evidence of his alibi during the time of both drug transactions.
At trial, Agent Jackson positively identified Rowan as the individual who sold him crack cocaine on two different occasions. Agent Jackson testified that on each occasion he had ample opportunity to observe Rowan and that each sale occurred under "bright" lighting conditions. Additionally, at 10:02 A.M. on February 1, 1995, just over three hours prior to the second sale, Agent Jackson was shown a photographic line-up in which he positively identified Rowan as the individual who sold him crack cocaine on January 20, 1995.
Agent Jackson further testified that the sale on January 20, 1995 occurred at approximately 3:52 P.M. rather than at 4:20 P.M., as reported in a Jefferson Parish Sheriff's Office case report. Agent Jackson stated that he remembered that the transaction occurred at 3:52 P.M. because, when he arrived at Rowan's residence, he looked at his beeper which showed the time. He also noted that the affidavit prepared by Agent Brandon Johnson on January 24, 1995 corroborated that the transaction occurred at approximately 3:52 P.M. When cross-examined about the discrepancy regarding the time of the transaction of January 20, 1995, Agent Jackson stated that the case report was prepared by Agent Johnson and that he incorrectly reported the time of the transaction.
Agent Jackson at first testified that his real name is Michael Jackson, but on cross-examination admitted that the name Michael Jackson was a fictitious name which he used while working in an undercover capacity. He was cross-examined regarding his identification in two other criminal cases involving David Lackey and Leonard Veal. Agent Jackson testified that he had identified Lackey and Veal as individuals who had sold him drugs. However, the State dismissed one of the two counts against Lackey because, at the time of one of the transactions, Lackey was incarcerated. Veal presented an alibi defense at trial and he was subsequently acquitted of the charge. When questioned about his dentifications of Lackey and Veal, Agent Jackson stated that he was still certain about his identification of them as drug perpetrators.
In presenting an alibi, the defense presented testimony and documents in an attempt to show that Rowan was driving his school bus at the time of the two drug sales. Specifically, he introduced a 1994-95 school session sick leave form. Dale Boudreaux (Boudreaux) of the Jefferson Parish School System testified that the form reflected that there was no substitute bus driver assigned to drive Rowan's bus on either January 20, 1995 or February 1, 1995. However, during cross-examination, Boudreaux testified that he would not know if someone else drove the bus unless defendant or someone told him or someone at the school saw the substitute.
Defendant testified on cross-examination that there were occasions when, instead of informing the school board that he needed a substitute, he would call the substitute directly. In addition, his fiancee testified that she was also a school bus driver, was familiar with Rowan's route, had ridden the route with him and was not employed on the dates of the drug transactions.
We find that the evidence was sufficient for the convictions. The testimony established that the same person sold drugs twice to Agent Jackson at the same location. Agent Jackson had ample opportunity to observe the seller and each sale occurred under good lighting conditions. During the first transaction, the confidential informant introduced a man as Kenneth Rowan and the man answered to the name of Kenneth Rowan. Prior to the second transaction, Agent Jackson positively identified defendant's photo in a lineup as the man who had sold him drugs *1056 during the first transaction. About three hours later, Agent Jackson went to the same address and purchased drugs from the man he had identified and knew as Kenneth Rowan. Defendant, whose name is Kenneth Rowan, was identified at the trial by Agent Jackson as the man who sold the cocaine during the two transactions.
The identity of the man who sold Jackson the cocaine is a factual matter, about which there is conflicting testimony. Given the alibi defense, Rowan is actually raising the issue of credibility of the witnesses, rather than sufficiency of the evidence. State v. Bovie, 665 So.2d at 560-561. In this respect, despite the conflicting evidence of the time of the January 20, 1995 drug transaction, despite the arrest warrant for a Kenneth Rowan being issued before he was identified in photo lineup, despite Jackson's identification during the photo lineup occurring before the second drug transaction, despite Agent Jackson's misidentification of two previous drug suspects, and the alibi evidence, the trial judge gave more credence to the testimony of Agent Jackson than to the testimony of Rowan and the documents he presented to support his alibi defense.
Where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be reweighed on appeal. State v. Bovie, 665 So.2d at 560-561. Thus, we find that the State proved the identification of Rowan as the perpetrator, beyond a reasonable doubt.
In his second assignment of error, Rowan contends that the trial court erred in denying his Motion for Discovery of Exculpatory Evidence. In this motion, Rowan made two requests. The first was a general request for closed district attorney files about drug cases in which Agent Jackson identified the suspected drug sellers, but the cases resulted in dismissal or acquittal. The second was a specific request for two closed district attorney files in which Agent Jackson identified the defendants, David Lackey and Leonard Veal, as suspected drug sellers. Rowan contends that the Lackey case was dismissed by the district attorney because of Jackson's misidentification. In the other case, he asserts that Veal was acquitted, despite Agent Jackson's identification testimony during the trial. Alternatively, Rowan argues that the trial court should have conducted an in-camera inspection of this specific evidence before ruling on his request.
The due process clause of the Fourteenth Amendment to the United States Constitution requires the disclosure, upon request, of evidence which is favorable to the accused when the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 85, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963); State v. Marshall, 94-0461, 81-3115, (La.9/15/95), 660 So.2d 819, 825. The Brady rule applies to both exculpatory evidence and evidence which impeaches the testimony of a witness where the reliability or credibility of the witness may be determinative of guilt or innocence. U.S. v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); Giglio v. U.S., 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); Marshall, 660 So.2d at 825.
Evidence is material only if there is a reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed to the defense. A reasonable probability is a probability sufficient to undermine confidence in the outcome. U.S. v. Bagley, 473 U.S. at 682, 105 S.Ct. at 3383. The defense does not have to show the evidence would have resulted in a different verdict. The issue is whether, despite its absence, there was a fair trial, a trial which results in a verdict worthy of confidence. State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218, 234-235; Marshall, 660 So.2d at 825.
Rowan argues that the contents of the file contain evidence favorable to his case because the information could have been used to impeach Agent Jackson's credibility relative to the identification of him. He argues the district attorney files would show at least two previous incidents of erroneous identification by Jackson. Additionally, he argues that his alibi evidence, along with the two *1057 misidentification errors of Agent Jackson, establish the materiality of the requested records.
The State notes that during the trial defense counsel extensively cross-examined Agent Jackson about his identification in the criminal cases involving Lackey and Veal and that defense counsel used the argument of misidentification in the other cases during his closing argument.
During the February 28, 1996 hearing, defense counsel asked the court to conduct an in-camera inspection of the district attorney files in the Lackey and Veal cases. The state argued that there was no Brady material in its files and that Rowan was entitled to obtain the "police documents or sheriff documents" showing custody, the bill of information, the court record and the trial transcript. The trial court denied Rowan's specific and general requests for all the files in which Agent Jackson was the complaining officer, finding that the files do not contain Brady material. A pertinent part of the colloquy is as follows:
THE COURT:
That's onerous, Counsel. So, I'll deny that. That's not Brady material. You have the two cases which you referred to; those are available to you. I don't see that there's anything Brady in respect toIf you want to attach the credibility of the officer in those cases you can use whatever evidence you have available to you and you can have those two cases. The State says that they have no other ones that they're aware of at this time.
MR. BIZAL:
Well, there may be evidence in those files suggesting that Michael Jackson in less than credible.
THE COURT:
Well, that doesn't qualify as Brady that "there may be". If you have some evidence or some indication that you wish to allege that in some area there's Brady material, then that's the purpose of this rule. But just to allege there may be Brady material in a record is notdoes not qualify for an in-camera inspection.
MR. BIZAL:
Well, Judge, the fact that the conclusion of the jury certainly suggests that the jury didn't believe Michael Jackson.
THE COURT:
Well, that's credibility, Counsel.
MR. BIZAL:
And I understand that, Judge. But
THE COURT:
You can bring that before theif you want to attach the credibility of the officer you have the right to bring in whatever evidence you have.
MR. BIZAL:
Well, judge, what I'd ask for then is an in-camera inspection by the Court of those two files.
THE COURT:
I don't see the benefit of it because I don't think the allegations are there to justify an in-camera by the Court. I'm going to deny the motion.
The court may conduct an in-camera inspection to determine the nature of the requested materials. However, defendant will be denied an in-camera inspection by the trial court where the State has denied possession of the information requested and he has made no contrary showing. State v. Dunn, 94-776, (La.App. 5 Cir. 2/15/95), 651 So.2d 1378, 1382-1384.
Here, Rowan has not made a showing that there was a reasonable probability that there would have been a different result in his case had the district attorney files in Lackey and Veal been disclosed prior to trial. Moreover, the trial judge correctly noted that the files sought could be obtained by other means, including a review of public records or subpoena of witnesses. Rowan chose not to obtain information through those sources. In addition, assuming that Veal and Lackey were not convicted despite Agent Jackson's identification and that information is contained in the district attorney's files, the pre-trial discovery of this information does not equate with a reasonable probability of a different result in the instant case. Rowan has not made any showing that the results in these two specific cases would mean that Agent Jackson's identification in this drug case would be suspect. Nor does the pretrial *1058 suppression of these facts undermine confidence in the trial's outcome nor create a reasonable probability that the result would have been different. In fact, Rowan here extensively questioned Agent Jackson about these two cases during the trial. Thus, he was essentially able to present the evidence he requested. Even with this evidence, the trial resulted in guilty verdicts. Thus, we find that the trial judge did not err in denying Rowan's request for an in-camera inspection of these two specific files.
Rowan's other request was a general request for the trial court to examine all the district attorney files in which Agent Jackson was the undercover officer and complaining witness and in which resulted in acquittals. Again, Rowan has not made a showing that these files, if existed, would show that Agent Jackson's identification was erroneous or suspect or that would call into question Agent Jackson's identification in this case. Moreover, the State denied knowledge of other criminal cases involving identification by Agent Jackson and resulting in acquittal. Therefore, like the specific request for Lackey and Veal's files, Rowan was not entitled to this evidence, even if it existed. Thus, we find that the trial judge did not err in denying Rowan's Motion for Exculpatory Evidence.

ERROR PATENT
La.C.Cr.P. art. 920 provides: "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Birden, 95-1007 (La.App. 5th Cir. 5/15/96), 675 So.2d 1187, 1190.
The record reflects that the trial judge failed to advise Rowan of the time delay for filing for post-conviction relief, as is mandated by La.C.Cr.P. art. 930.8 C. This article dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform a defendant of this prescriptive period at the time of sentencing. However, the failure to inform him is not a ground for vacating the sentence. Rather, the remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of article 930.8 by sending written notice to him within ten days after the rendition of this opinion and to file written proof in the record that he received such notice. State v. Birden, 675 So.2d at 1190-1191; State v. Crossley, 94-965 (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459.
Accordingly, Rowan's convictions and sentences are hereby affirmed. Further, the trial judge is ordered to inform Rowan of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Rowan received the notice in the record of the proceedings. The case is remanded for that purpose.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED.