I .DUFRESNE, J.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Oscar Johnson, with aggravated incest of his daughter, in violation of LSA-R.S. 14:78.1. The matter proceeded to trial before a six person jury, at the conclusion of which the defendant was found guilty as charged.
The State subsequently filed a bill of information seeking to have the defendant adjudicated a multiple offender, pursuant to LSA-R.S. 15:529.1. Following the defendant’s stipulation to being a second felony offender, the trial judge sentenced him to ten years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals.

FACTS

At trial, the victim, who was fifteen years old at the time of the incident, testified that in August of 1996, her father, the defendant herein, came into her bedroom in the afternoon, partially undressed her, and had 12sexual intercourse with her. She testified that although she was crying at the time, the defendant did not stop. The defendant then told her not to tell her mother. The victim also told the jury about another incident of intercourse, similar to the first, which occurred on a September afternoon in 1996. After the September incident, the victim showered and left for cheerleading practice. The following day, the victim disclosed the sexual abuse to her two sisters and her mother. The police were subsequently notified.
Detective Darren Monie of the Jefferson Parish Sheriffs Office testified that in connection with his investigation of the incident, he conducted a brief interview with the victim. Detective Monie also took a statement from the defendant, who denied the allegations. In addition, Dr. Albert *107 Baker performed a physical examination of the victim within seventy-two hours of the September incident. At trial, after being accepted as an expert in pediatric sexual abuse examination, Dr. Baker testified that his examination did not reveal evidence of sexually transmitted diseases, sperm, or bruises or tears. However, he further testified that these negative findings did not preclude the possibility that the victim was forced to have intercourse. Dr. Baker also testified that the victim was somewhat withdrawn and quiet during the examination,, which would, be typical for abuse victims.

OTHER CRIMES EVIDENCE

In his first assignment of error, the defendant argues that the trial court improperly admitted other crimes evidence.
The state filed a notice of intent to use evidence of other crimes, specifically seeking to introduce evidence that the defendant committed 13sexual abuse against two of his step-daughters. The court then conducted a pre-trial hearing, in accordance with State v. Prieur, 277 So.2d 126 (La. 1973), to determine the admissibility of this evidence. At the hearing, one stepdaughter testified that the defendant had sex with her on two occasions when she was thirteen years old. The other stepdaughter testified that the defendant had sexual intercourse with her starting when she was thirteen, and ■ further that she reported the abuse to her mother as soon as it began. At the hearing, the prosecutor introduced the court record which showed the defendant’s conviction for the molestation of this step-daughter. After considering the testimony, the trial judge ruled that both witnesses could testify at trial, because the acts were sufficiently similar to show system, motive, opportunity, intent, and preparation, as required by LSA-C.E. art. 404 B. In accordance with this ruling, both witnesses did in fact testify at trial about the sexual abuse that the defendant had committed against them.
On appeal, the defendant now argues that the testimony of these two witnesses was improperly admitted- at trial because the trial court applied a lesser burden of proof when considering the admissibility of the other crimes evidence at the Prieur hearing: The defendant specifically argues that if the clear and convincing standard had been applied to the other crimes evidence, the trial judge would have been compelled to deny the admission of the evidence.
' The Prieur' court held that the state must prove by -clear and convincing evidence that the defendant committed the other crime or other bad act. However, LSA-C.E. art. 1104, enacted in 1994, changed the burden of proof. It provides that the burden of proof in a Prieur hearing 14shall be identical to that required by the Federal Rules of Evidence Article IV, Rule 404. That burden of proof was set forth in Huddleston v. U.S., 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), as follows:
We conclude that [Rule 404(b) ] evidence should be admitted if there is sufficient evidence to support a-finding by the jury tfiat the defendant committed the similar act. *** The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence.
485 U.S. at 685, 690, 108 S.Ct. at 1499, 1501.
In accordance therewith, this court has recognized that the preponderance of the evidence standard is the correct burden of proof in a Prieur hearing. State v. Guidroz, 98-377 (La.App. 5 Cir. 10/14/98), 721 So.2d 480; State v. Pardon, 97-248 (La. App. 5 Cir. 10/15/97), 703 So.2d 50, writ denied, 97-2892 (La.3/20/98), 715 So.2d 1207.
In the instant case, at the Prieur hearing, the state introduced evidence of the defendant’s prior conviction for the molestation of one of the step-daughters. The state also introduced the direct testimony *108 of the two victims. They both testified at the Prieur hearing that they were the defendant’s step-daughters, and that the defendant had sexual intercourse with them when they were thirteen years of age. This direct testimony from the victims clearly establishes by a preponderance of the evidence that the defendant committed the similar acts. Moreover, even were we to apply the standard urged by the defendant, we would find that the state proved, at the Prieur hearing, by clear and convincing evidence that the defendant committed the other acts. Based on the foregoing discussion, we reject the arguments raised by the defendant in this assignment of error and find that the trial judge properly allowed the admission of the other crimes | ^evidence.

SUFFICIENCY OF THE EVIDENCE

In his second assigned error, the defendant challenges the sufficiency of the evidence used to convict him of aggravated incest. Specifically, he argues that because there was no forensic evidence presented, the evidence was insufficient to support the defendant’s conviction.
The constitutional standard for testing the sufficiency of evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
The defendant was convicted of aggravated incest, a violation of LSA-R.S. 14:78.1 which provides in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this' Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
The defendant argues that the evidence was insufficient to convict | fihim because there was no forensic evidence offered at trial. During trial, the victim testified that the defendant, her biological father, engaged in sexual intercourse with her when she was fifteen years of age. The testimony of the victim of a sex offense alone is sufficient to prove the elements of the offense, even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Ingram, 29,172 (La.App. 2 Cir. 1/24/97), 688 So.2d 657, unit denied, 97-0566 (La.9/5/97), 700 So.2d 505; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, writ denied, 96-0041 (La.3/29/96), 670 So.2d 1237.
The defendant further argues that the victim’s testimony was insufficient because she recanted her allegations. The record reveals that although the victim, at one point, told the district attorney that she wanted to drop the charges, she did so at the insistence of defense counsel. She further testified at trial that the recantation was not truthful. The jury was fully aware of the circumstances of the victim’s testimony, yet found the evidence sufficient to convict the defendant. The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the *109 testimony of any witness. The credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052.
Based on the foregoing discussion, we find that the evidence was sufficient to sustain the defendant’s conviction for aggravated incest, and accordingly, we reject the arguments raised by the defendant in this assignment of error.

7ERROR PATENT DISCUSSION

We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals that the trial judge did not advise the defendant of the prescriptive period for post conviction relief. LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Thus, the trial judge is ordered , to inform the defendant of the provisions of this article by sending appropriate written notice to him within ten days of this opinion and to file written proof that the defendant received such notice. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Based on the foregoing discussion, the defendant’s conviction and sentence are hereby affirmed and the case is remanded to the trial court for further action in accordance with this opinion.
For the reasons set forth herein, we affirm the defendant’s conviction and sentence.

AFFIRMED, AND REMANDED WITH INSTRUCTIONS.