996 So.2d 1191 (2008)
STATE of Louisiana
v.
Melody D. McGEE.
No. 08-KA-395.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*1192 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bertha M. Hillman, Attorney at Law, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., GREG G. GUIDRY, and MADELINE JASMINE, Pro Tempore.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Melody D. McGee, with theft of over $1,000 of U.S. currency, in violation of LSA-R.S. 14:67. At the October 17, 2005 arraignment, defendant pled not guilty. Subsequent to the trial court's denial of her motion to suppress statement, defendant, on November 27, 2006, withdrew her not guilty plea and entered a plea of guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court then sentenced defendant to imprisonment at hard labor for five years, suspended that sentence, and placed her on active probation for five years, subject to various conditions.[1] Additionally, pursuant to the plea agreement, the court ordered a hearing to determine the amount of restitution to the victim. After considering the evidence at the November 9, 2007 hearing, the trial court ordered defendant to pay $70,952.44 in restitution. Defendant now appeals.

FACTS
On August 12, 2005, defendant gave a statement to Detective Keith Forsythe of the Kenner Police Department, in which she admitted to the theft.[2] In her statement, defendant explained that she had been employed as a bookkeeper/accountant for Carol Londot for approximately ten years. Her duties included paying Londot's bills, recording her deposits, and preparing her payroll. She issued Londot an invoice once a month for the work she did, and there were rarely any invoices for more than $1,000.
While in the course of taking her statement, Detective Forsythe showed defendant copies of eleven canceled checks from August of 2002 through November of 2004, *1193 which totaled $70,952.44. Defendant said she assumed that amount was correct. She told the detective that when Londot went out of town, Londot would give her some signed blank checks to pay her (Londot's) bills. Defendant paid them, but there were checks left over. She made the leftover checks payable to her business bank account, McGee Office Solutions, and deposited them in her account. Defendant admitted using the money for her personal expenses, including IRS taxes, office improvements, work around her house, tree removal, her mother's burial expenses, and expenses in connection with new employees she hired. She also admitted that she did not have Londot's permission to make those checks payable to her business account and then deposit them into it. She intended to borrow the money and pay it back; however, she ran out of money and was unable to do so.

ASSIGNMENT OF ERROR NUMBER ONE
On appeal, defendant argues that the trial court erred in ordering her to pay an excessive amount of restitution. She contends that the restitution should be reduced by at least $20,502.29, the amount of the checks for which invoices were submitted. She also contends that the restitution is excessive because she will probably be unable to pay that amount. She points out that she is disabled and unable to work, and that her total monthly income is only $3,675.00. The State responds that the evidence presented at the restitution hearing established that the actual pecuniary loss to the victim was $70,952.44. As such, the State argues that the amount of restitution was correct and not excessive.
At the restitution hearing, Detective Keith Forsythe testified that defendant gave a statement whereby she confessed to stealing $70,952.44 from her employer, Carol Londot. Detective Forsythe also took a statement from the victim who told him that defendant did not have the authority to deposit that money into her (defendant's) account. The detective further testified regarding the eleven checks. He listed each check, listed their individual amounts, and testified that the total amount of the checks was $70,952.44.
At the restitution hearing, defendant, for the first time, disputed the amount taken from Londot. During her testimony, defendant denied stealing any money from Londot and claimed that those eleven checks were payment for services she provided to Londot. She told the detective otherwise in her statement because she had just gotten out of the hospital and was taking thirteen prescription medications that she had not adjusted to yet. She did not provide invoices to Londot's accounting firm to support all of those checks. However, at the hearing, she produced copies of invoices to support the following four checks: (1) check number 13660 for $5,550.25; (2) check number 12882 for $3,826.48; (3) check number 12881 for $3,875.20; and (4) check number 12883 for $7,250.36 (for a total of $20,502.29). Defendant testified that those checks were for consulting work for Londot as well as for her assistance in helping Londot's relatives start a business. She further testified that when Detective Forsythe interviewed her, she did not present him with any invoices to support those checks. She explained that the police came and arrested her, and she was unable to gather any information. At the hearing, defendant also testified that she was disabled and unable to work. She asserted that she was receiving a disability check in the amount of $2,875 per month as well as $800 per month in rental income.
After the testimony, defense counsel asked the trial judge to take into consideration defendant's earning capacity and assets *1194 in determining the amount of restitution to be paid. Defense counsel reminded the trial judge of defendant's monthly income and history of medical problems that prevented her from being able to work. After hearing arguments of counsel, the trial judge found that defendant owed $70,952.44 in restitution to Londot, stating:
Ms. McGee admits today that she has lied. She doesn't remember things that it's important for her not to remember. She has never indicated that she has provided any of this information to the State or to the victims in this matter. She agrees with everything that's in the statement that she owes seventy thousand however much money it is, and I'm going to get to that. And, you know, you want me to feel sorry for the victim (sic) and the fact that she's disabled at this point in time and, you know, can't afford whatever. But I also have to feel sorry for the victims in this matter. They're the people who are out seventy thousand nine hundred and fifty-two dollars and forty-four cents. And frankly, if I've got to feel sorry for anybody, and I'm not supposed to, but that's what you're asking me to do, is Iwell, you are. You are telling me that I am to consider the lack of money that she makes, the lack of money that she has.
Defense counsel reminded the trial judge that she had to consider the lack of money that defendant has in determining restitution pursuant to the statute. The trial judge said she understood that, but was going to find that defendant owed $70,952.44. She added, "I don't believe much of what she says, frankly." Defendant now contends that the amount of restitution imposed by the trial judge was excessive, and that the amount should at least be reduced by $20,502.29, the amount of the checks for which invoices were submitted.
Courts have wide discretion regarding the imposition of restitution when it is reasonably related to defendant's rehabilitation. In ordering restitution, the trial judge has discretion and his decision will not be disturbed absent an abuse of this discretion. In reviewing excessive sentence assignments, the sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion. State v. Blanchard, 03-0612 (La.App. 5 Cir. 11/12/03), 861 So.2d 657, 668.
In State v. Froiland, 05-138 (La.App. 5 Cir. 7/26/05), 910 So.2d 956, defendant contended that his sentence was constitutionally excessive because of the "`impossibly burdensome restitution.'" This Court found that the trial judge did not abuse his discretion in setting the amount of restitution nor was the sentence constitutionally excessive, considering the State's evidence that defendant wrote over $200,000 in checks without authorization.
In the instant case, the evidence showed that the actual pecuniary loss to the victim was $70,952.44. Defendant admitted in her statement to writing $70,952.44 in checks without authorization and using the money for her personal expenses. Although, at the restitution hearing, defendant denied stealing money from her employer and claimed that she had invoices to support four of those checks, the trial judge did not find her testimony credible. The credibility of a witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness; therefore, the credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056.
Based on the foregoing discussion, we find that the amount of restitution imposed by the trial judge was not constitutionally *1195 excessive. Accordingly, this assigned error is without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the trial judge erred in failing to set a payment schedule for the restitution. In this case, the trial court ordered defendant to pay $70,952.44 in restitution as directed by the probation department. According to LSA-C.Cr.P. art. 895.1(A), the restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant. Here, the trial court's ruling on payment of restitution does not comply with this provision. Therefore, we remand the matter to the trial court for a determination of the manner in which restitution should be paid, either in a lump sum or in monthly installments, based on defendant's earning capacity and assets. See State v. Alexander, 97-1199 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 88, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628, and State v. Fortier, 03-882 (La.App. 5 Cir. 11/25/03), 862 So.2d 170, 176.
For the reasons set forth herein, the defendant's conviction and sentence are hereby affirmed, but the case is remanded to the trial court with instructions to determine the manner of restitution payment in accordance with LSA-C.Cr.P. art. 895.1(A).
CONVICTION AND SENTENCE AFFIRMED, REMANDED WITH INSTRUCTIONS.
NOTES
[1] In addition to all general conditions of probation, the trial court also ordered defendant to pay court costs, a $300 fine, a $100 commissioner fee, restitution to the victim, and a $55 per month probation supervision fee.
[2] This statement was introduced into evidence at the hearing on defendant's motion to suppress as well as at the restitution hearing.