CARTER, Judge.
Defendant, Joseph W. Deselle, was charged by bill of information with misapplication of payments, in violation of LSA-R.S. 14:202(A), (B). Specifically, defendant was charged with unlawfully receiving money on account of a contract for the improvement (i.e. clearing) of property and failing to apply said money to settle claims for material and/or labor due under said contract. After a bench trial, defendant was convicted as charged. The trial court sentenced defendant to ninety-one days in jail, but suspended the sentence and placed defendant on supervised probation for six months. The court further imposed the special conditions that defendant repay the money owed to the victims and pay the court costs. Defendant then applied to this Court for a writ of review. We granted the application in order to conduct a full review of the issues presented in the following errors assigned by defendant:
1. The trial court erred in failing to refer the motion to recuse to another judge for hearing.
2. The trial court erred in failing to grant the motion to quash.
3. The trial court erred in failing to grant a directed verdict of acquittal.
4. The trial court erred in convicting defendant on the facts presented.
Finding merit in assignment of error number four, we pretermit discussion of numbers one, two, and three and reverse.
FACTS
This case essentially involves a contract dispute between two neighbors, Mr. Jim McBride and defendant. McBride engaged defendant to clear a piece of land he owned. McBride testified at trial that, as he acquired enough money to have some work done on the land, he would pay defendant in advance to perform an equal amount of work. Defendant testified that he was paid by the hour, not by the job, and not necessarily in advance.
The dispute in this case arose after McBride issued defendant a check on July 7, 1986, in the amount of $250.00. He claims that defendant did not work on his land after that payment. Defendant, however, testified that after the July 7th payment, he performed twenty-two hours of work on McBride’s property.
Defendant also stated at trial that he hired Mr. Joe Smith to assist him with the work. Defendant testified, as did Smith, that defendant paid Smith everything that was owed for the work Smith performed. Defendant stated further that he did not have any outstanding bills for labor or materials in connection with the job for McBride. McBride testified that no outstanding claims for labor or material had been filed against his property in connection with the work performed by defendant.
SUFFICIENCY OF EVIDENCE
Defendant contends that the trial court erred in convicting him based on the facts presented. He argues that this case involves a civil contract dispute, which is not within the purview of the criminal statute charged herein.
*811 In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). The standard has been codified in LSA-C.Cr.P. art. 821.
Misapplication of payments is defined in LSA-R.S. 14:202(A), as follows:
No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for said construction or under said contract.
After a careful review of the record in this case and consideration of the totality of circumstances, we find that the evidence herein is insufficient for any rational trier of fact to conclude that the state proved each essential element of the crime beyond a reasonable doubt. The record reveals that the contract existing between defendant and McBride involved the providing of equipment and labor by defendant for the improvement (clearing) of a parcel of land owned by McBride. We conclude that this is not equivalent to a contract for the construction, erection, or repair of a building, structure, or other improvement.
Moreover, LSA-R.S. 14:202(A), which prohibits misapplication of payments by contractors, is located in a section of Title 14 of the Revised Statutes entitled “Offenses Against Property.” We feel that the statute is intended to deter contractors from knowingly failing to pay subcontractors, materialmen, etc., as such failure may result in their claims being filed against the owner’s property. It is undisputed that there are no outstanding claims against McBride for material and labor due as a result of the work defendant performed. The only claim involved here is the owner’s claim against defendant for nonperformance. The statute does not contemplate such a factual situation. Furthermore, there are various potential civil law remedies available to McBride.
Accordingly, this assignment of error has merit. For the reasons assigned, defendant’s conviction and sentence are reversed.
CONVICTION AND SENTENCE REVERSED.