J^LEON A. CANNIZZARO, JR., Judge.
The defendant, Lavon J. Sellers, pled guilty to two counts of carjacking, one count of -attempted' armed robbery, two counts of aggravated battery, and two counts of armed robbery. He was sentenced to thirty years on each count of armed robbery and to lesser sentences for the. other crimes. The sentences were ordered to run concurrently. Mr. Sellers is now before this Court claiming that his counsel was ineffective, because his counsel failed to move to withdraw his guilty pleas prior to his sentencing.
STATEMENT OF THE CASE
Mr. Sellers was charged in two bills of information in two separate cases with a total of seven offenses. The cases were consolidated.
In the first bill of information, Mr. Sellers was charged with two counts of armed robbery in violation of La. R.S. 14:64. Mr. Sellers was also charged in the same bill of information with one count of aggravated battery in violation of La. R.S. 14:34. In that count he was charged with committing “a battery with a ^dangerous weapon” on one of the individuals named as the victim in one of the armed robbery counts.
In the second bill of information Mr. Sellers and Jimmy L. Brooks[1] were charged with two counts of carjacking in violation of La. R.S. 14:64.2. In the third count of the second bill of information Mr: Sellers and Mr. Brooks were charged with attempted armed robbery in violation of La. R.S. 14:27 and La. R.S. 14:64 because they “did attempt to rob” one of the indi *420 viduals who was named as a victim of one of the carjackings. There was no mention of being armed with a dangerous weapon in the attempted armed robbery count. Finally, in the second bill of information Mr. Sellers and Mr. Brooks were charged with one count of aggravated battery in violation of La. R.S. 14:34 on the victim named in both the attempted armed robbery and one of the carjacking counts.
Mr. Sellers pled guilty to all of the counts with which he was charged in both bills of information. The record contains a transcript of the colloquy during which Mr. Sellers pled guilty, and the transcript reflects that Mr. Sellers was advised of the constitutional rights that he was waiving by pleading guilty, the charges to which he was pleading guilty, and the possible range of sentences for the offenses to which he was pleading guilty. It is also clear from the record that the trial court judge determined that Mr: Sellers’ guilty pleas were being made voluntarily and that Mr. Sellers was not mentally or otherwise impaired such that he could not understand the proceedings at which he entered the guilty pleas. ^Finally, Mr. Sellers signed and initialed a waiver of rights form acknowledging that by pleading guilty he was waiving a number of rights specifically described on the form.
Almost six months after Mr. Sellers pled guilty he was sentenced. At the sentencing hearing, but prior to the imposition of sentence, Mr. Sellers’ court appointed attorney informed the court that Mr. Sellers had insisted on filing him. The trial court judge responded that he was not going to allow the attorney’s discharge at that time. Mr. Sellers’ attorney, who had replaced the attorney who represented Mr. Sellers when he pled guilty, then advised the court that Mr. Sellers wanted to object to being sentenced on the ground that he never pled guilty. Mr. Sellers’ attorney further informed the court- that Mr. ■ Sellers claimed that he was coerced by his previous attorney into a plea agreement. Mr. Sellers further contended that his previous attorney had offered him cigarettes in exchange for his guilty pleas.
At the sentencing hearing, it was also noted for the record that a report prepared by a forensic psychologist had shown that Mr. Sellers was competent to participate in the court proceedings against him. The report had been previously made a part of the record.
The court sentenced Mr. Sellers to twenty years on one count of carjacking, to twenty years on the second count of carjacking, to thirty years on one count of attempted armed robbery, and to ten years on one count of aggravated battery. |4Mr. Sellers was also sentenced to thirty years on each of two counts of armed robbery and to ten years on a second count of aggravated battery. All of the sentences were to run concurrently. With the exception of the sentences for the two counts of aggravated battery, all of the sentences were imposed without the benefit of parole, probation, or suspension of the sentence.
After Mr. Sellers was sentenced, he filed a motion for appeal. The appeal was granted.
FACTS
Because Mr. Sellers pled guilty, there is very little information in the record regarding the facts of the cases. In sentencing Mr. Sellers, the trial court judge noted that Mr. Sellers’ series of crimes involved two separate carjackings. In the first carjacking, Mr. Sellers actually cut the victim with a knife. The court found that he “manifested deliberate cruelty to his victim by cutting the individual that he first carjacked.” The trial court further stated that because the victim “bolted” from the automobile, Mr. Sellers could simply have *421 driven away. Instead, he chased the victim and cut him. The trial court judge found that Mr. Sellers “knowingly created a risk of death or great bodily harm to more than one person.” The offenses Mr. Sellers committed involved multiple victims, violence, and a dangerous weapon. Finally, the trial court judge stated that he found that there were no mitigating circumstances involved in any of the offenses.
1 ¡^DISCUSSION
Standard of Review
At the outset we note that “[i]t is well settled that entry of an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal, or where appeal is unavailable, by supervisory review.” State v. Moore, 420 So.2d 1099, 1100 (La.1982) (emphasis in original). In State v. Crosby, 338 So.2d 584 (La.1976), however, the Louisiana Supreme Court stated:
[Ejven an un [siejqualified plea of guilty does not preclude review of what are regarded as ‘jurisdictional’ defects — ■ those which, even conceding the accused’s factual guilt, do not permit his conviction of the offense charged. These include, for example: the lack of jurisdiction of the sentencing court; the conviction represents double jeopardy; the prosecution, when instituted, had prescribed; the state lacked constitutional or legal power to try the accused for the offense charged; the statute under which the prosecution is brought is unconstitutional; the charge brought in the indictment does not constitute a crime; certain types of patent error preventing conviction for the offense.
338 So.2d at 588 (citations omitted).
Errors Patent
A review of the record reveals an error patent involving the attempted armed robbery charge. In the bill of information Mr. Sellers is charged1 with attempting to rob a named individual. There is no mention of robbery with a dangerous weapon, which is required for attempted armed robbery. La. R.S. 14:64 defines armed robbery as “the taking of anything of. value belonging to another from the person of another ... by use of force or intimidation, while armed with a dangerous weapon.” Because the indictment did not specify that Mr. Sellers was armed with a | ^dangerous weapon, we find that it was an error patent to convict him for the crime of attempted armed robbery when the crime described in the bill of information was that of simple, not armed, robbery. See La. R.S. 14:65. We do not find the error harmless, because the offense described in the bill of information was that of attempted simple robbery, but Mr. Sellers pled guilty to attempted armed robbery, a more serious offense. Therefore, we reverse the conviction of attempted armed robbery and vacate the sentence imposed for the crime of attempted armed robbery.
Assignment of Error
Mr. Sellers has raised a single assignment of error in this case. He contends that his appointed counsel was ineffective, because his counsel failed to move to withdraw his guilty pleas prior to sentencing. Because the assignment of error raised by Mr. Sellers is not a jurisdictional matter, we are not required to entertain the assignment of error. See State v. Moore, 420 So.2d 1099, 1100 (La.1982); State v. Crosby, 338 So.2d 584, 588 (La.1976). Additionally, claims of ineffective assistance of counsel are more properly addressed in an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. *422 See State v. Deruise, 98-0541, p. 34 (La.4/3/01), 802 So.2d 1224, 1247; State v. Mims, 97-1500, pp. 44-45 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, 72. In this case, however, we will address Mr. Sellers’ assignment of error.
Based on our review of the record, we find that Mr. Sellers’ argument that his counsel was ineffective, because he failed to move to withdraw Mr. Sellers’ guilty pleas, is disingenuous. Mr. Sellers had his attorney declare in open court at the sentencing hearing that “he has never pled guilty to this matter and so he wants to go ahead and make an objection regarding sentencing, because he says that he |7has never pled guilty.” If Mr. Sellers contends that he never pled guilty, how could his attorney be ineffective because the attorney failed to move to withdraw a guilty plea that Mr. Sellers has denied he made? Mr. Sellers’ contention that his counsel was ineffective, because he failed to move to withdraw guilty pleas that, according to Mr. Sellers, never existed, is without merit.
We also note that La.C.Cr.P. art. 559 provides that a trial court may permit a guilty plea to be withdrawn at any time before sentencing. The trial court judge possesses broad discretion in this area as long as he does not abuse his discretion. State v. Blanchard, 2000-1147, p. 4 (La.4/20/01), 786 So.2d 701, 704. In the instant case we find no abuse of discretion on the part of the trial court judge.
CONCLUSION
Mr. Sellers’ conviction of attempted armed robbery is reversed, and his sentence for that conviction is vacated. All of his other convictions are affirmed and all of his other sentences are affirmed.
ATTEMPTED ARMED ROBBERY CONVICTION REVERSED, SENTENCE FOR ATTEMPTED ARMED ROBBERY CONVICTION VACATED, ALL OTHER CONVICTIONS AND SENTENCES AFFIRMED.

. The record does not reflect the disposition of the charges against Mr. Brooks.