PER CURIAM.
11 Granted in part. The court of appeal correctly found that defendant was not entitled to withdraw his guilty plea on the basis of the present record which does not adequately explain what defendant meant when he inquired whether he was entering his guilty plea and admission to his habitual offender status “under the 572.” However, given the ambiguity, defendant’s claim that a misunderstanding with respect to his eligibility for early release on good time credits even after he was adjudicated and sentenced as a habitual offender under La.R.S. 15:529.1, is referred to post- *1041 conviction proceedings in which the district court may conduct evidentiary proceedings with respect to what the parties understood at the time defendant entered his guilty plea and whether any misunderstanding with respect to eligibility for early release on good time credits vitiated the voluntariness of the guilty plea. See State ex rel. Miles v. State, 02-1843 (La.9/5/03), 855 So.2d 732 (“The district court is ordered to appoint counsel | ¡.for relator and to hold a hearing at which it will determine whether misinformation with regard to relator’s eligibility for diminution of sentence pursuant to La.R.S. 15:571.3 (‘good time’) constituted a material inducement for his guilty plea ... which precluded relator from entering a knowing and voluntary guilty plea with eyes open ... and entitles him to withdraw that plea.”) (citations and internal quotation marks omitted); cf. State v. Watson, 00-1580, p. 5 (La.5/14/02), 817 So.2d 81, 84 (reinstating defendant’s conviction and sentence reversed by court of appeal and referring claim of ineffective assistance to post-conviction proceedings in which “[a] hearing in the trial court on a properly filed petition for post-conviction relief can illuminate the record and allow the court to hear evidence relating to defendant’s claim of ineffective assistance.”).