JAMES F. McKAY, III, Chief Judge.
IvA review of the record reveals a patent error which is fatal to this appeal. While the minute entry for January 27, 2012 states that the trial court imposed a sentence of three years incarceration in the Louisiana Department of Corrections (“D.O.C.”) to run concurrent on each count upon the defendant in this case, the transcripts recorded in this case reveal that the trial court failed to actually impose sentence.[1] The record reflects that the appellant pled guilty in several other cases involving charges of theft and misappropriation; that all pleas were tendered and accepted on November 30, 2011; and that the trial court reset sentencing in all of the cases until after it had conducted the restitution hearing. A status conference was held on December 15, 2011. A restitution hearing was held on January 20, 2012, and a final restitution and sentencing hearing on January 27, 2012. In none of these transcripts is there a record of an actual sentencing in this case. In simultaneously arriving at sentences in all of the cases, the trial court inadvertently failed to impose sentence in the instant matter, although it ordered the sentences in 12other cases to be served either concurrently or *1269 consecutively with the sentence in this case.
In the event of a discrepancy between the minutes of a hearing and the transcript, the transcript prevails. See State v. Watson, 2000-1580, p. 3 n. 4 (La.5/14/02), 817 So.2d 81, 83 n. 4; State v. Maten, 2004-1718 (La.App. 1 Cir. 3/24/05), 899 So.2d 711, 725. Therefore, this Court must conclude that although the trial court imposed the amount of restitution that the appellant must pay, it did not actually impose sentence in this case. La. C. Cr. P. art. 912C (1) provides that a defendant may appeal from a “judgment which imposes sentence.” See State v. Baxter, 343 So.2d 733 (La.1977). Thus, the appeal was taken prematurely. As per Baxter, we dismiss this appeal and remand the case for the imposition of sentences.
APPEAL DISMISSED; REMANDED FOR RESENTENCING

. The trial court failed to impose sentences in CDC Case Nos. 500-897, 501-105 and # 503-758; the applicable companion cases are as follows; Nos. 500-897, 503-758, 508-897, 501-105, 500-898, 505-952, 508-935 and 508-788.